IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCED DISPLAY TECHNOLOGIES OF TEXAS, LLC, a Texas limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> AU OPTRONICS CORPORATION, a Taiwanese corporation; AU OPTRONICS CORPORATION AMERICA, a California corporation; APPLE, INC., a California corporation; ASUS COMPUTER INTERNATIONAL, a California corporation; ASUSTEK COMPUTER, INC., a Taiwanese corporation; HAIER AMERICA TRADING, LLC, a New York limited liability company; HAIER GROUP CORPORATION, a Chinese corporation; RESEARCH IN MOTION CORPORATION, a Delaware corporation; RESEARCH IN MOTION LIMITED, a Canadian corporation; SHARP CORPORATION, a Japanese corporation; SHARP ELECTRONICS CORPORATION, a New York corporation; VIEWSONIC CORPORATION, a Delaware corporation; VIZIO, INC., a California corporation, <br><br> Defendants. | CASE NO.   6:11cv011 <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Display Technologies of Texas, LLC, ("Advanced Display") sues

Defendants AU Optronics Corporation, AU Optronics Corporation America, Apple, Inc., ASUS

Computer International, ASUSTek Computer, Inc., Haier America Trading, LLC, Haier Group

Corporation, Research in Motion Corporation, Research in Motion Limited, Sharp Corporation,

1

Sharp Electronics Corporation, ViewSonic Corporation, and Vizio, Inc. (collectively "Defendants") and, on information and belief, alleges as follows:

### Introduction

1. Plaintiff Advanced Display owns the inventions described and claimed in United States Patent Nos. 5,739,931 (entitled "Illumination System Employing an Array of Microprisms" and referred to herein as the '931 patent) and 6,261,664 (entitled "Optical Structures for Diffusing Light" and referred to herein as the '664 patent), collectively the "Patents." Defendants have used and continue to use Plaintiff's patented technology in products that they make, use, import, sell, and offer to sell. Plaintiff Advanced Display seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell products embodying the technology claimed by the Patents without Plaintiff's permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a)

3. Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiff Advanced Display

4. Plaintiff Advanced Display is a limited liability company existing under and by virtue of the laws of the State of Texas.

**The Patents**

5. The United States Patent and Trademark Office issued the '931 patent (attached as exhibit A) on April 14, 1998, and issued the '664 patent (attached as exhibit B) on July 17, 2001. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for past infringement of the Patents.

**Defendants**

6. AU Optronics Corporation is Taiwanese corporation with a principal place of business in Hsinchu, Taiwan. AU Optronics Corporation America is a California corporation with a principal place of business in Houston, Texas. Collectively these Defendants are referred to as "AU Optronics."

7. Apple, Inc. ("Apple"), is a California corporation with a principal place of business in Cupertino, California.

8. ASUS Computer International is a California corporation with a principal place of business in Fremont, California. ASUSTek Computer, Inc.. is a Taiwanese corporation with a principal place of business in Tapei, Taiwan. Collectively these Defendants are referred to as "ASUS."

9. Haier America Trading, LLC, is a New York limited liability company with a principal place of business in New York, New York. Haier Group Corporation is a Chinese corporation with a principal place of business in Qingdao, China. Collectively these Defendants are referred to as "Haier."

10. Research in Motion Corporation is a Delaware corporation with a principal place of business in Irving, Texas. Research in Motion Limited is a Canadian corporation with a

principal place of business in Waterloo, Ontario, Canada. Collectively these Defendants are referred to as "Research in Motion."

11. Sharp Corporation is a Japanese corporation with a principal place of business in Osaka, Japan. Sharp Electronics Corporation is a New York corporation with a principal place of business in Mahwah, NJ. Collectively these Defendants are referred to as "Sharp."

12. ViewSonic Corporation ("ViewSonic") is a Delaware corporation with a principal place of business in Walnut, California.

13. Vizio, Inc. ("Vizio") is a California corporation with a principal place of business in Irvine, California.

### First Claim for Patent Infringement
### (infringement of the '931 patent)

14. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 13 above and further alleges as follows:

15. The United States Patent and Trademark Office issued the '931 patent on April 14, 1998. Plaintiff is the owner of the '931 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover damages for past, ongoing, and future infringement of the patent.

16. Defendant AU Optronics has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers and computer monitors) that include display technology that infringes one or more claims of the '931 patent.

17. Defendant Apple has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers, computer monitors, mobile telephones, and mobile media players) that include display technology that infringes one or more claims of the '931 patent.

18. Defendant ASUS has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers and computer monitors) that include display technology that infringes one or more claims of the '931 patent.

19. Defendant Haier has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '931 patent.

20. Defendant Research in Motion has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, mobile telephones) that include display technology that infringes one or more claims of the '931 patent.

21. Defendant Sharp has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '931 patent.

22. Defendant ViewSonic has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television

products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '931 patent.

23. Defendant Vizio has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '931 patent.

24. Plaintiff has been damaged by Defendants' infringement of the '931 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '931 patent.

25. Plaintiff is entitled to recover damages from the Defendants to compensate for Defendants' infringement.

26. Plaintiff demands trial by jury of all issues relating to this claim.

## Second Claim for Patent Infringement
## (infringement of the '664 patent)

27. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 13 above and further alleges as follows:

28. The United States Patent and Trademark Office issued the '664 patent on July 17, 2001. Plaintiff is the owner of the '664 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover damages for past, ongoing, and future infringement of the patent.

29. Defendant AU Optronics has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers and computer monitors) that include display technology that infringes one or more claims of the '664 patent.

30.     Defendant Apple has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers, computer monitors, mobile telephones, and mobile media players) that include display technology that infringes one or more claims of the '664 patent.

31.     Defendant ASUS has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers and computer monitors) that include display technology that infringes one or more claims of the '664 patent.

32.     Defendant Haier has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '664 patent.

33.     Defendant Research in Motion has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, mobile telephones) that include display technology that infringes one or more claims of the '664 patent.

34.     Defendant Sharp has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '664 patent.

35.     Defendant ViewSonic has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television

products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '664 patent.

36. Defendant Vizio has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale television products (including, but not limited to, flat screen televisions) that include display technology that infringes one or more claims of the '664 patent.

37. Plaintiff has been damaged by Defendants' infringement of the '664 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '664 patent.

38. Plaintiff is entitled to recover damages from the Defendants to compensate for Defendants' infringement.

39. Plaintiff demands trial by jury of all issues relating to this claim.

.

WHEREFORE, Plaintiff prays for judgment as follows:

    A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, the '931 and '664 patents;

    B. Compensatory damages for Defendants' infringement of the '931 and '664 patents;

    C. Costs of suit;

    D. Pre-judgment interest; and

    E. For such other relief as justice requires.

9

Dated: January 5, 2011

Respectfully submitted,

By:   <u>*/s/ Jeff Eichmann*</u>
     Gregory S. Dovel
     CA State Bar No. 135387
     John Jeffrey Eichmann
     CA State Bar No. 227472
     DOVEL & LUNER, LLP
     201 Santa Monica Blvd., Suite 600
     Santa Monica, CA 90401
     Telephone: 310-656-7066
     Facsimile: 310-657-7069

ATTORNEYS FOR PLAINTIFF
ADVANCED DISPLAY TECHNOLOGIES
OF TEXAS, LLC